TIG INSURANCE COMPANY,
Plaintiff—Appellee,

v.

GENERAL STAR INDEMNITY COMPANY, Defendant—Appellant.

No. 01–56541.

D.C. No. CV–99–07333–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided July 31, 2002.

---

Before NOONAN, WARDLAW, and BERZON, Circuit Judges.

### MEMORANDUM *

General Star Indemnity Company appeals from the judgment of the district court in favor of TIG Insurance Company. We affirm.

In 1995, worker Luis Diaz was burned in an industrial accident. He sued Irwin Industries. Irwin's insurance contract with General Star contained a provision, called a Self–Insurance Retention Endorsement, under which Irwin was responsible for management of the case and the first $200,000 in legal expenses and damages. General Star, the primary insurance carrier, would then take over the case and be responsible for the next $1 million. TIG, the excess insurance carrier, was responsible for $10 million after that. At any time, General Star had the authority to take over the litigation.

During the course of the litigation, Irwin and Diaz entered into mediation. Diaz reduced his settlement demand from $1.5 to $1.1 million, and Irwin and General Star offered $500,000. The mediating judge

urged General Star to offer more money, and Irwin's attorney asked General Star for the authority to settle for $650,000. General Star refused. At trial, a jury awarded Diaz $1.8 million. The parties settled during appeal for $1.7 million, of which TIG was responsible for $338,000.

TIG then brought this diversity action against General Star in district court, alleging that General Star had breached its duty of good faith and fair dealing by refusing to settle within General Star's $1 million policy limit and thereby exposing TIG, as the excess insurance carrier, to liability. Following a bench trial, the district court found for TIG, awarding damages of $338,000 plus fees and interest.

The district court had jurisdiction under 18 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error. *Troutt v. Colorado W. Ins. Co.,* 246 F.3d 1150, 1156 (9th Cir.2001).

TIG makes four arguments on appeal: (i) that General Star violated no duty because it had no obligation to take charge of the settlement until Irwin had exhausted its $200,000 Self–Insurance Retention Endorsement; (ii) that no liability may attach because Irwin did not demand a settlement, and TIG stands in Irwin's shoes; (iii) that even if General Star had a duty, its conduct was reasonable because it relied on the advice of counsel; and (iv) that there was no evidence that General Star's conduct was the proximate cause of the damages. None of these arguments prevail.

### General Star's Duty

Under the terms of the contract, General Star had no duty to take over the litigation, though it had the power to do so at any time. Courts will honor this allocation

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of litigation management. *General Star Indem. Co. v. Superior Court of Los Angeles,* 47 Cal.App.4th 1586, 55 Cal.Rptr.2d 322, 325 (2d Dist.1996). General Star argues that because it had no duty, it could not be liable for a breach. However, the district court found that during mediation, Irwin tendered the remaining Self–Insurance Retention Endorsement and General Star refused Irwin's counsel's request for more money to settle the case. At that point, General Star had effectively chosen to take control of the litigation, and so a duty of good faith and fair dealing attached.

*Equitable Subrogation*

Under California insurance law, the bad faith claim of an excess insurance carrier against the primary carrier is based upon principles of equitable subrogation. *Commercial Union Assurance Cos. v. Safeway Stores, Inc.,* 26 Cal.3d 912, 164 Cal.Rptr. 709, 610 P.2d 1038 (1980). Under these principles, any defense applicable against Irwin may be applied against TIG. General Star argues that because Irwin did not demand that the suit be settled, General Star is not liable to TIG for failure to settle. However, the district court did not clearly err when it found that Irwin's attorney's request for authority to settle the lawsuit at a higher amount constituted a demand for settlement.

*Reliance on Counsel*

General Star argues that it was reasonable for it to rely on Irwin's counsel, who managed most of the litigation. But General Star cannot shield its decision not to settle the suit behind the advice of counsel when it refused that advice.

*Proximate Causation*

General Star argues that TIG bore the burden of proving that General Star's failure to try to settle the suit proximately caused TIG's damages, and that the district court made no explicit finding of fact in this regard. However, there was adequate evidence in the record to support a proximate causation finding, and General Star failed to contest this determination below. The district court's implicit finding on causation was not clear error.

*Conclusion*

The judgment of the district court is AFFIRMED.